UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION | : <br> : <br> : Civil Action No. 18-CV-8182 (VSB) |
| Plaintiff, | : <br> : Jury Trial Demanded |
| vs. | : <br> : |
| EMIL BOTVINNIK | : <br> : |
| Defendant. | : <br> : |

## [PROPOSED] STIPULATED CONFIDENTIALITY ORDER WITH RESPECT TO SENSITIVE PERSONAL INFORMATION

Pursuant to the provisions of Federal Rule of Civil Procedure 26(c), the Court enters this stipulated Confidentiality Order for the purpose of assuring the confidentiality of certain information that will be disclosed by the parties.

1. As used in this Confidentiality Order, the term "Sensitive Personal Information" shall mean any documents or other information containing any one or more of the following categories of personal and private documents or information: (a) a social security or tax identification number; (b) individuals' or entities' financial account statements, including statements for any bank account, credit card account, brokerage account, mortgage, student loan, or other loan; (c) any financial account number, including for a bank account, credit card account, brokerage account, mortgage; student loan, or other loan; (d) tax returns; (e) the home address and phone number of any individual person; (f) the birth date of any individual person; (g) the name of any individual person who, at the time of the

filing of the Complaint in this action, was known to be less than 18 years old; (h) medical information; or (i) telephone records of any individual person.

2. Sensitive Personal Information disclosed to any party to this action or its counsel (collectively, the "Parties") during the course of this action:

    a.    Shall be used by the Parties only for the purposes of this action;

    b.    Shall not be used by the Parties for any business or commercial purposes;

    c.    Shall not be published to the public in any form by the Parties except as permitted by Paragraphs 5 and 7, below;

    d.    May be disclosed only to the following persons, on an as needed basis in the course of the litigation, with reasonable precautions taken to insure the confidentiality of the information:

        i.    A Party;

        ii.    Employees or contractors of any law firm that represents a Party, including attorneys as well as secretarial, clerical, paralegal, legal or student personnel and any person or entity with whom a Party contracts to reproduce or manage documents;

        iii.    Non-party witnesses;

        iv.    A document's author(s), recipient(s), or copyee(s);

        v.    Current and former employees of the producing Party or non-party;

        vi.    Independent (non-employee) consultants, expert witnesses, or advisors retained by any of the Parties in connection with this action;

vii. Court reporters or stenographers engaged to record deposition, hearing or trial testimony, and their employees;

viii. Such other persons as hereafter may be authorized by either (1) written consent of all the Parties, (2) the original producing party or non-party, or (3) the Court upon motion of either party.

3. A copy of this Confidentiality Order shall be delivered to each of the named parties or persons within paragraph 2.d above to whom a disclosure of Sensitive Personal Information is made, at or before the time of disclosure, by the Party making the disclosure. The provisions of this Confidentiality Order shall be binding upon each such party or person to whom disclosure is made.

4. The provisions of this Confidentiality Order shall not be construed as preventing:

   a. Any disclosure of Sensitive Personal Information to any Party;

   b. Any disclosure of Sensitive Personal Information to any judge, magistrate, or employee of this Court for any purposes of this action;

   c. Any disclosure of Sensitive Personal Information for the purpose of enforcement of the criminal law or as otherwise required by law.

5. All Sensitive Personal Information that is filed with the Court shall be redacted in accordance with Federal Rule of Civil Procedure 5.2(a).

6. This Confidentiality Order shall not:

   a. Operate as an admission by any party that any particular discovery material contains Sensitive Personal Information;

b. Prejudice in any way the right of a Party to seek a Court determination of whether such material should be subject to the terms of this Confidentiality Order;

c. Prevent a Party or non-party's disclosure of its own Sensitive Personal Information; or

d. Prejudice in any way the right of any Party to apply to the Court for a further protective order relating to any other confidential information or Sensitive Personal Information.

7. Nothing in this Order shall preclude the Parties from offering Sensitive Personal Information into evidence at the trial of this action or in any other proceeding in this action, subject to the restrictions of Federal Rule of Civil Procedure 5.2.

STIPULATED BY:

*/s/ Samantha M. Williams*
Samantha M. Williams
    - and -
Gregory Bockin
Jacqueline O'Reilly
S. Yael Berger
Securities and Exchange Commission
100 F Street, N.E.
Washington, DC 20549
Tel. (202) 551-4061
Email: williamssam@sec.gov

*Attorneys for Plaintiff, Securities and Exchange Commission*

/s/ *Michael Bachner*-------------------------
Michael Bachner
Bachner & Weiner, PC
39 Broadway-Suite 1610
New York, NY 10006
O: 212-344-7778
C: 917-225-9276
*Attorneys for Defendant, Emil Botvinnik*

SO ORDERED ON _____March 9_____, 2020

Vernon S. Broderick
United States District Judge

-5-

## CERTIFICATE OF SERVICE

  I certify that on March 5, 2020, a copy of the foregoing document was served upon all counsel of record via email.

            */s/ Samantha M. Williams*
            Samantha M. Williams